Kern, Leila R., J.
Plaintiff filed an Emergency Motion to Stay Arbitration Proceedings. A hearing was held on that motion on November 22, 2010. At that time, I allowed time for the defendant to file a response to the motion. The response was filed on December 9, 2010. The papers were not brought to this court’s attention at that time. In fact, it was not until a party made a recent inquiry into this matter that the papers were uncovered and presented to this judge.
I have now read the original motion, defendant’s memo and the controlling Agreement Between The City of Somerville and The Somerville Police Employees Association (July 1, 2006—June 30, 2008), the Collective Bargaining Agreement [between the same two parties] (July 1, 2008—June 30, 2009), the submissions of the parties and the controlling case law.
The grievance here is the defendant’s attempt to arbitrate a dispute regarding the discharge of one of its members for lying at a deposition. The termination occurred in March 2010 and the underlying incident occurred in February 2010. This court’s determination turns on whether, at the time of the incident, there was an agreement in place requiring such arbitration. For the reasons contained herein, plaintiffs Motion to Stay Arbitration Proceedings is ALLOWED.
DISCUSSION
M.G.L.c. 150, §7(a) states that “Any collective bargaining agreement reached between the employer and the exclusive representative shall not exceed a term of three years.” Mass. Gen. Laws, c. 150, §7(a). The Supreme Judicial Court has determined that when a CBA[1] contains an evergreen clause[2] it cannot be used to circumvent the statutory time limits placed on collective bargaining units. Boston Hous. Auth. v. Nat’l Conference of Firemen & Oilers, Local 3, 458 Mass. 155, 162-63 (2010). Thus, an evergreen clause cannot extend the terms of a prior agreement beyond three years. Id. Defendant argues the benefits of an evergreen clause as stated in the Court’s opinions, even in Boston Housing Authority, supra. The Court in that case, however, made it clear that the “purported policy benefits of an evergreen clause cannot trump the intent of the Legislature, as unambiguously expressed in §7(a), to limit the term of a CBA to no more than three years.” Id. at 164. The duration of an evergreen clause runs concurrently with the duration of an agreement and can only reach a total length of three years.
1. The Agreements Between the Parties
Article XXII of the two Agreements in effect from July 1, 2004—June 30, 2008 states in relevant part:
This agreement shall constitute two (2) separate Agreements. The first Agreement shall be in full force and effect from July 1, 2004 through June 30, 2006. The second Agreement shall be in full force and effect from July 1, 2006 and continuing through June 30, 2008.
[[Image here]]
If negotiations for a new Agreement to be effective on the termination of the second Agreement continue beyond June 30, 2008, the second agreement shall continue in full force and effect until a successor Agreement is executed.[3]
Running concurrently with the duration of the agreement the evergreen clause would extend the second Agreement through June 30, 2009, keeping within the 3-year statutory limit.
On March 27,2009 the parties entered into a one-year Agreement effective (retroactively) July 1, 2008 through June 30, 2009. Section “I” of this Agreement is entitled “Duration” and modifies article XXII to “reflect a contractual period of July 1, 2008 through June 30, 2009. Hie defendant argues that the new Agreement, with the evergreen clause of the prior Agreement (effective July 1, 2006—June 30, 2008) extends the one-year Agreement until June 30, 2011 (beginning the tolling of the three-year statutory limit on July 1, 2008).
In relevant part, the one-year agreement states, “The parties agree that they will integrate the following terms as part of any successor collective bargaining agreement.” This language clearly indicates that the *540 different or additional terms listed below did not constitute a CBA between the parties and was merely an agreement that was part of ongoing negotiations to reach a new CBA. The previous language combined with the language of the evergreen clause[4] demonstrate that the evergreen clause went into effect on June 30, 2008 when no successor Agreement had been executed. As M.G.L.c. 150, §7(a) and Boston Housing Authority indicate, an evergreen clause cannot be used to extend the duration of an agreement beyond the three-year statutory limit. Therefore, the evergreen clause of the prior agreement can only extend the full force and effect of the prior CBA through June 30, 2009.
The underlying conduct that led to the discharge at issue occurred in February 2010, the termination following shortly thereafter in March 2010. Both of these dates are clearly not within the effective dates of the prior CBA (which expired July 1, 2008) or its evergreen clause (which effectively expired July 1, 2009). Thus, the incident at issue here is not controlled by the prior CBA and not subject to arbitration. Compare with Old Rochester Reg’l Teacher’s Club v. Old Rochester Reg’l Sch. Dist. Comm., 398 Mass. 695 (1986) (the Court determined that since the underlying incident occurred while the CBA was in effect, the fact that the termination of the employee and his subsequent request for arbitration took place after the expiration of the CBA did not matter and the issue was arbitrable).
The Supreme Judicial Court has determined that a “bridge agreement” can be an effective means of preserving the terms of a prior CBA until a successor agreement has been ratified. Boston Hous. Auth., 458 Mass. 155, 165 (2010) (citing Gustafson v. Wachusset Reg’l Sch. Dist., 64 Mass.App.Ct. 802, 806-07 (2005). In Gustafson, the Bridge Agreement was intended to be, and executed as, a temporaiy CBA between the parties, until a permanent agreement could be reached. Gustafson, 64 Mass.App.Ct. at 804. The Bridge Agreement had terms and conditions separate from those of the prior CBAs, incorporating only those terms of the prior CBAs that were left uncovered by the Bridge Agreement. Id. This is different than simply extending the length of a CBA through the use of an evergreen clause because an evergreen clause keeps all of the same terms of the prior CBA in effect. It is clear that the Bridge Agreement was meant to function as a CBA because (1) it took effect immediately upon the expiration of the prior CBAs and (2) it had a 3-year fixed-term from September 1, 1994 through August 31, 1997, in recognition of the statutory time limit placed upon CBAs. Id. at 807, fn. 6. The Bridge Agreement was not merely a part of ongoing negotiations, but rather a contract mechanism put in place to allow forthcoming negotiations to go forward unfettered. Id. at 806.
The one-year agreement in the present case is clearly distinguishable from the Bridge Agreement in Gustafson. To begin with, it was enacted just two months prior to its expiration date[5] and the one-year duration does not demonstrate the three-year statutory limitation as the previous two agreements do (each of which had a duration of two years). Together, these facts indicate that the parties were not creating a bridge agreement or a successor CBA but rather were trying to get around the statutory time limits placed on such agreements. Further, the language of the one-year agreement indicates that it is intended to be a part of ongoing negotiations and not a successor agreement. Therefore, at the time of the incident in the present case, there was no agreement in effect requiring arbitration. See Mass. Highway Dep’t v. Perini Corp., 444 Mass. 366, 374 (2005) (when a dispute arises under a contract that contains an arbitration clause, there is a presumption in favor of arbitrability and arbitration should not be denied unless it is explicitly clear that the issue is not susceptible to arbitration).
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs Motion to Stay Arbitration Proceedings is ALLOWED.

 Collective Bargaining Agreement.

An evergreen clause states that during periods of negotiations between the parties, after the expiration of the prior CBA, the terms of the prior agreement would remain in full force and effect until a new agreement was signed.

This language constitutes the evergreen clause.

“If negotiations for a new Agreement to be effective on the termination of the second Agreement continue beyond June 30, 2008, the second Agreement shall continue in full force and effect until a successor agreement is executed.”

While the Bridge Agreement in Gustafson was similarly enacted retroactively, the agreement in Gustafson continued to be effective for more than two years after its date of execution; the agreement in this case expired just over two months following its date of execution.